

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**March 21, 2018 14:49**

By: DAREN NIEMI 0093640

Confirmation Nbr. 1333184

TANYA BROWN

vs.

AMIRAH ABDUL-KAREEM, ET AL.

CV 18 894888

**Judge:** KELLY ANN GALLAGHER

Pages Filed: 19

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **TANYA BROWN**<br>1264 East 84th Street, Apt #4<br>Cleveland, Ohio 44103<br><br>Plaintiff,<br><br>vs.<br><br>**AMIRAH ABDUL-KAREEM**<br>1215 West 3rd Street<br>Cleveland, Ohio 44113<br><br>&,<br><br>**CUYAHOGA COUNTY SHERIFF'S DEPT.**<br>1215 West 3rd Street<br>Cleveland, Ohio 44113<br><br>Defendants. | CASE NO.<br><br>JUDGE:<br><br>COMPLAINT<br>(JURY DEMAND<br>ENDORSED HEREON) |

Now comes Plaintiff, Tanya Brown, by and through the undersigned counsel, and for her Complaint, states the following:

## COUNT ONE

1. At all times relevant hereto, Plaintiff, Tanya Brown, was an inmate at the Cuyahoga County Jail located at 1215 West 3rd Street, Cleveland, Ohio 44113.

2. On or about March 25, 2017 at the Cuyahoga County Jail located at 1215 West 3rd Street, Cleveland, Ohio 44113, Defendant, Amirah Abdul-Kareem, committed battery and assault on or about the person of Plaintiff, Tanya Brown, whereby Amirah Abdul-Kareem did strike and/or push and/or shove and/or grab and/or kick and/or pepper spray Plaintiff, Tanya Brown, about her person causing injury and caused the Plaintiff to be in fear and apprehension of

immediate physical harm.

3. The assault and battery was malicious, intentional, willful, and without provocation.

4. As a direct and proximate result of the aforementioned acts of Defendant, Amirah Abdul-Kareem, Plaintiff, Tanya Brown, has been injured and required to seek and obtain medical care and attention, incurring expenses as a result thereof, has suffered great physical pain, mental anguish and emotional distress, has been unable to engage in her usual activities, and with reasonable certainty will continue to require medical care and attention, incurring expenses as a result thereof, and suffer great physical pain, mental anguish and emotional distress, and will continue to be unable to engage in her usual activities, all to her detriment.

## COUNT TWO

5. Plaintiff re-alleges and re-avers each and every allegation contained in Paragraphs One (1) through Four (4) of Plaintiff's Complaint as if fully rewritten herein and expressly made part hereof, and further alleges:

6. Plaintiff seeks monetary damages for physical injury and emotional distress; violations of her civil rights under 42 U.S.C. §1983; and state violations.

7. Defendant, Cuyahoga County Sheriff's Dept. is a legal and political entity established under the laws of the State of Ohio, with all the powers specified and necessarily implied by the Constitution and the laws of the State of Ohio and exercised by duly elected city council members, full-time city officers, and their duly appointed and hired agents and employees and/or mayor.

8. On or about March 25, 2017, at the Cuyahoga County Jail located at 1215 West 3rd Street, Cleveland, Ohio 44113, County of Cuyahoga, State of Ohio, Defendant, Officer Amirah Abdul-Kareem, who was and/or is an employee of Defendant Cuyahoga County Sheriff's Dept., and acting in the course and scope of her employment, committed an assault and/or used excessive force on or about the person of Plaintiff Tanya Brown, whereby Defendant strike and/or push and/or shove and/or grab and/or kick and/or pepper spray Plaintiff Tanya Brown about her person, causing her injury.

9. By engaging in the above-described misconduct, including the use of excessive force, Defendants, acting under color of state law, violated Plaintiff Tanya Brown's federally-protected civil rights under 42 U.S.C. § 1983, including Plaintiff Tanya Brown's fourth amendment rights.

10. Defendants have failed and continue to fail to adopt and enforce appropriate policies and procedures for its employees and/or offices to effectively control, communicate, and interact with the general public, including Plaintiff Tanya Brown. Thus, Defendants, acting under color of state law, deprived Plaintiff Tanya Brown of her federally-protected civil rights by:

    a. Formulating, maintaining, authorizing, ratifying, condoning, and acquiescing in policies, customs, and practices which proximately caused the constitutional deprivations alleged herein;

    b. Training and supervising police officers and/or correction officers with deliberate indifference to the constitutional rights of persons such as Plaintiff Tanya Brown;

    c. Setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict injury on Plaintiff Tanya Brown.

11. In doing all of the acts complained of herein, Defendants acted intentionally, recklessly and/or with deliberate indifference to Plaintiff Tanya Brown's wellbeing, all under the color of state law to deprive Plaintiff Tanya Brown of her constitutionally-protected rights to be free from excessive use of force.

12. As a direct and proximate result of the aforementioned acts, Plaintiff Tanya Brown has suffered and continues to suffer humiliation, anxiety, indignity, and mental and emotional anguish and bodily injury.

13. Pursuant to 42 U.S.C. § 1988(b), Plaintiff Tanya Brown is entitled to recover reasonable attorney fees and costs incurred in bringing this action.

## COUNT THREE

14. Plaintiff re-alleges and re-avers each and every allegation contained in Paragraphs One (1) through Thirteen (13) of Plaintiff's Complaint as if fully rewritten herein and expressly made part hereof, and further alleges:

15. As a result of the attack, Plaintiff suffered serious emotional distress.

16. The Defendants should have known that such an attack would result in serious emotional distress to Plaintiff.

17. The Defendants' conduct was extreme and outrageous, going beyond all possible bounds of decency in a manner that can be considered as utterly intolerable in a civilized community.

18. The Defendants' actions were the proximate cause of Plaintiff's emotional injuries.

19. The mental anguish suffered by Plaintiff is serious and of a nature that no reasonable person could or should be expected to endure it.

20. As a result of the Defendants' actions, Plaintiff suffered emotional distress in excess of Twenty-Five Thousand Dollars ($25,000).

WHEREFORE, Plaintiff, Tanya Brown, prays for judgment against the Defendants, Cuyahoga County Sheriff's Dept. and Officer Amirah Abdul-Kareem, jointly and severally, on all Counts of Plaintiff Tanya Brown's Complaint in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages and in excess of Twenty-Five Thousand Dollars ($25,000.00) for punitive damages, together with costs incurred herein and interest from the date of judgment. Plaintiff further prays for any and all other relief deemed appropriate by this Court including, but not limited to, court costs, interest, costs and attorney fees.

Respectfully Submitted,

/s/ Daren Niemi
Daren T. Niemi (0093640)
Kenneth C. Podor (0014067)
THE PODOR LAW FIRM, LLC
33565 Solon Rd
Solon, Ohio 44139
P: (440) 914-5297
F: (440) 914-0377
E: dniemi@podorlaw.com
podorlaw@gmail.com
*Attorneys for Plaintiff Tanya Brown*

## JURY DEMAND

Plaintiff hereby demands that each and every issue of fact contained herein by tried to a jury.

Respectfully Submitted,

/s/ Daren Niemi
Daren T. Niemi
Kenneth C. Podor
*Attorneys for Plaintiff Tanya Brown*

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **TANYA BROWN** | ) | CASE NO. |
| 1264 East 84th Street, Apt #4 | ) | |
| Cleveland, Ohio 44103 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S FIRST SET OF |

|                                        |   |                                                |
|----------------------------------------|---|------------------------------------------------|
| vs.                                    | ) | INTERROGATORIES, REQUEST FOR PRODUCTION OF     |
|                                        | ) | DOCUMENTS, AND REQUESTS                        |
| **AMIRAH ABDUL-KAREEM**                | ) | FOR ADMISSIONS                                 |
| 1215 West 3rd Street                   | ) |                                                |
| Cleveland, Ohio 44113                  | ) |                                                |
|                                        | ) |                                                |
| &,                                     | ) |                                                |
|                                        | ) |                                                |
| **CUYAHOGA COUNTY SHERIFF'S DEPT.**    | ) |                                                |
| 1215 West 3rd Street                   | ) |                                                |
| Cleveland, Ohio 44113                  | ) |                                                |
|                                        | ) |                                                |
| Defendants.                            | ) |                                                |

Plaintiff Tanya Brown, by and through undersigned counsel, hereby requests pursuant to Rules 26, 33 and 34 of the Ohio Rules of Civil Procedure, that you answer fully, separately and under oath each of the following Interrogatories within the time specified by the Rules of Civil Procedure or by court order, and permit the inspection and copying of any documents not

attached which are described herein in your possession, custody or control at such time and place as may hereafter be agreed upon by counsel.

These Interrogatories and Requests for Production of Documents shall be deemed continuing so as to require the filing of supplemental and/or amended answers or the production of additional documents prior to trial, in the event that additional or different information and/or documents become available or are subsequently obtained. These Interrogatories are intended to discover answers (1) within your knowledge of your own documents, writings and records; (2) within the contents and existence of documents, writings and records available for your examination; and (3) within the knowledge of or obtainable by your employees, servants, agents, attorneys, representatives, investigators, insurance carriers, adjusters, as well as anyone acting on your behalf or their behalf. Your answers to these Interrogatories should be based upon some or all of the aforementioned sources.

When an Interrogatory asks you to identify a writing, you are to attach an authentic copy of that writing together with a statement in answer to the Interrogatory that such a copy is attached and that copy is a true and correct copy of the original of the writing. Number each document consecutively and when referring to a document in answer to a particular Interrogatory identify such document by writing the appropriate number.

DEFINITIONS

As used in these Interrogatories and Request for Production of Documents, the following words and terms shall mean and include the following:

A. "Defendant" means a defendant in the above-captioned action and directors, officers, managers, employees, servants or representatives; or its/their heirs, executors, administrators, successors and assignees; or any person or agent acting on its behalf.

B. "You" and "your", unless other specified, means the Defendant. Present tense should be construed as also including past tense and masculine terms encompass the feminine.

C. "Document" is an all-inclusive term and means the original or any copy or reproduction of a writing or other form of a record preserving information, whether in your possession, custody or control, and whether claimed to be privileged against discovery on any ground, including but not limited to, reports, records, lists, memoranda, minutes of meetings, diaries, vouchers, correspondence, accounts, telegrams, communications, schedules, photographs, drawings, plans, charts, ledgers, computer printouts, invoices, purchase orders, checks, recordings, films or any other form of preserved information.

D. "Identify" as the term is used herein shall have the following meaning:

1. When identifying a person give such person's:

   (a) Full name;
   (b) Last known business address and last known residence address;
   (c) Present or last known business affiliation and position and business affiliation at the time relevant to the request to identify and any professional degrees held;
   (d) The business and residence telephone of such person; and,
   (e) Exact or approximate date and place of death, if deceased.

2. When identifying a document or writing:

   (a) State the author thereof, and any and all parties thereto and, if possible, the name of the person who signed the document;

  (b) State its title, number, file designation, code or other identifying date;

  (c) State the number of pages if the document contains more than one page;

  (d) Describe any attachments or supplemental items incorporated into the document;

  (e) State the date on which the document was prepared or, if not known, the approximate date;

  (f) State the date appearing on the document;

  (g) State the transaction, act or occurrence to which each document relates and the substance of the documents;

  (h) State a general description of the documents;

  (i) If the document was, but no longer is, in the possession of the defendant or subject to defendant's control, state what disposition was made of it;

  (j) State the names of the recipients of the original and every copy known to defendant;

  (k) Identify the present or last known custodian and location of the document.

3. When identifying an oral communication:

  (a) Identify the person who made the communication.

  (b) Give the date, time and place of the communication;

  (c) Give the contents of the communication in as verbatim a form as possible;

  (d) Identify any other persons present when the communication was made;

  (e) Identify any documents relating to the communication.

4. When identifying an organization or business entity:

  (a) Give the formal title of the organization or entities;

  (b) State its business address.

E. "Incident" or "Occurrence" means the event or series of events which form the basis of the Complaint.

F. "Location" refers to the place or location where you claim that the incident or occurrence alleged in the Complaint occurred.

INSTRUCTIONS

1. If more space is needed for your answer to any interrogatory, insert extra pages.

2. Where a request is made for production of documents, group and label the documents produced according to each specific request for production of documents.

3. If a claim of privilege is made with respect to any meeting, communication, act, or document, state the basis for the privilege claimed and identify the document and/or other communication or act that is claimed to be privileged.

4. Documents are to be produced via electronic mail to DNIEMI@PODORLAW.COM. If documents are too large to transmit via email then documents can be mailed to the Podor Law Firm, LLC 33565 Solon Road, Solon, Ohio 44139.

INTERROGATORIES

1. INTERROGATORY NO. 1:

   Please state your full name, home address and all addresses for the last ten (10) years, social security number, date of birth, marital status and your employer's name and address.

   ANSWER:

2. INTERROGATORY NO. 2:

If you have alleged in your answer that someone else's conduct or some other condition or event was the "sole proximate cause" of the incident in question, describe in detail the identity of such other person, event, or condition.

ANSWER:

3. INTERROGATORY NO. 3:

Please detail the facts and circumstances leading up to, during, and immediately after the incident in question, as viewed and understood by you.

ANSWER

4. INTERROGATORY NO. 4:

Do you contend that Plaintiff(s) was/were drinking intoxicating beverages, had been drinking intoxicating beverages at the time of the incident, or was/were under the influence of any other substance at the time of the incident? If so, please state what evidence you base such contention upon.

ANSWER:

5. INTERROGATORY NO. 5:

State the name and address of each person, including experts, having any knowledge of relevant facts related to the incident which is the basis of this suit, its cause, or the damages resulting from it, indicate those who were eye witnesses, and state the substance of their knowledge and articulate their expected testimony.

ANSWER:

6. INTERROGATORY NO. 6:

State the name and address of any potential party to this lawsuit, not already a party hereto.

ANSWER:

7. **INTERROGATORY NO. 7:**

   State the full name, address, and qualifications of each expert whom you expect to call as an expert witness at the trial of this case, the subject matter on which the expert will testify, the mental impression and opinions held by the expert and the facts known to the expert (regardless of when the factual information was acquired) which relate to or from the basis of the mental impressions and opinions held by the expert, and a summary of the grounds for such opinions expected to be expressed by such expert.

   ANSWER:

8. **INTERROGATORY NO. 8:**

   Please state whether you have a copy of any statement that the Plaintiff(s), or any representative of Plaintiff(s), has previously made concerning the action or its subject matter and which is in your possession, custody, or control.

   For the purpose of this question, a statement previously made is (1) a written statement signed or otherwise adopted or approved by the person making it; or (2) a stenographic, mechanical, electronical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

   ANSWER:

9. INTERROGATORY NO. 9:

　　Describe any insurance agreement under which any insurance business may be liable to satisfy part of all of the judgment that may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person insured, the name of the insurer, and the amount of any liability insurance coverage.

　　ANSWER:

10. INTERROGATORY NO. 10:

　　Please list any and all legal proceedings you have been a party in, including but not limited to, criminal, civil, and bankruptcy cases.

　　ANSWER:

11. INTERROGATORY NO. 11:

Please identify all persons to whom you have given signed statements regarding the subject incident, the date thereof, and the name of the person in whose custody each is at this time.

ANSWER:

12. INTERROGATORY NO. 12:

Please identify all persons who have given you signed statements regarding the subject incident or the personal injuries suffered by the Plaintiff in the incident.

ANSWER:

13. INTERROGATORY NO. 13:

Please state whether you have within your possession or control photographs, videos, plats, or diagrams of the scene of the subject incident or objects connected with said incident, stating what those objects are.

ANSWER:

14. INTERROGATORY NO. 14:

Please state whether you consumed any drugs, medicines, or alcoholic beverages within twenty-four (24) hours prior to said occurrence, the place where such drugs, medicines, or alcoholic beverages were obtained, the nature of the drugs, medicines, or alcoholic beverages, and the amount thereof.

ANSWER:

15. INTERROGATORY NO. 15:

Please state whether you were under the care of a physician at the time of the incident. If so, please state the name and address of your physician, specify the illness or condition for which you were treated, and list any prescribed medication.

ANSWER:

16. INTERROGATORY NO. 16:

If you and the Plaintiff(s) had any conversation after the subject incident, please state the substance of any such conversation.

ANSWER:

17. INTERROGATORY NO. 17:

Please state the current address of Defendant Amirah Abdul-Kareem.

ANSWER:

REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff, pursuant to Ohio Rule of Civil Procedure 34, requests Defendants produce for inspection and copying the following documents at the office of Kenneth C. Podor, The Podor Law Firm, LLC, 33565 Solon Road, Solon, OH 44139, on or before 28 days of service thereof:

1. All documents identified in response to Interrogatories.
2. Each and every exhibit, document, or other item of real evidence upon which you intend to rely at the trial of this action.
3. Each and every report or document submitted to you by any expert witness(es) you have retained in regard to Plaintiff's claims.
4. Each and every document consisting of or pertaining to statements by any witnesses or alleged witnesses to the Incident or persons with knowledge or information about the incident.
5. Each and every statement obtained from anyone in connection with the allegations in the complaint.
6. Each and every report made by anyone, other than an expert witness, in connection with the incident.
7. Each and every photograph, diagram, chart or drawing made regarding the Incident or depicting the scene or site of the incident.
8. Each and every insurance policy in effect at the time of the incident.
9. Each and every incident report prepared by Defendant or any other person.
10. Each and every statement or report that Defendant has furnished to other persons in connection with the incident.
11. Each and every report, memorandum, letter, or other document which in any way mentions, describes, or otherwise refers to the results of any and all tests and/or investigations pertaining in any way to the subject incident.
12. With respect to each and every item described in any of the preceding Requests for Production which is not in the physical possession or custody of Defendant, but which is in Defendant's control, Plaintiffs hereby request that Defendant(s) execute authorizations to allow Plaintiffs to obtain and examine such items.
13. Any and all insurance documents, including, but not limited to, applications, policies, renewal applications, declaration pages, billing and correspondence in effect at the time of the incident.

19